HEMPHILL v. STATE.

[90 South. 488. No. 21064.]

1. KIDNAPPING. *Guardian cannot be convicted for seizing ward.*

In order to constitute the crime of kidnapping as defined in section 1249, Code 1906 (section 979, Hemingway's Code), the seizure and custody by the defendant of the person charged to have been kidnapped must have been unlawful; therefore a guardian of a *non compos mentis,* who is entitled to the custody of the person of such ward, is not guilty of kidnapping under said statute by virtue of having violently seized said ward and taken him from the county where said guardianship was pending to the home of the guardian in another county in the state.

2. KIDNAPPING. *Guardian's removal of ward from county of guardianship without court permission is not kidnapping.*

And the fact that such guardian removed his ward from the county of the guardianship to another county in the state without having gotten an order of the chancery court where the guardianship was pending, as required by section 2424, Code 1906 (section 1985, Hemingway's Code), authorizing such removal, did not constitute a violation of said statute defining kidnapping, for it was not the purpose of the last-named statute to make such removal of the ward an offense against the state, but it was intended for the civil protection alone of the person and property of the ward.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

W. T. Hemphill was convicted of kidnapping, and he appeals. Reversed, and defendant discharged.

*Frank E. Everett,* for appellant.

We desire first to call the attention of the court to the fact that Hemphill, the guardian, cannot be convicted of kidnapping under any circumstances, from a legal viewpoint, and second, he cannot be convicted on the facts as exists in this case.

But for the existence of section 2424, Code of 1906, 1985, Hemingway's Code, which provides, if a guardian desires to remove the person or personal property of his ward to any county other than that in which he was appointed guardian, he may, on petition, be allowed to do so, if the court deem it proper, and it may make an order to that effect, on condition that the guardian will qualify in the county to which he removes: ". . . no indictment could ever have been returned against Hemphill."

It is our contention that this section of the Code does not, in any way, apply to guardians of persons of unsound mind, drunkards and opium eaters, or to convicts of felonies, but applies to minors, and minors alone. Section 2401, Code of 1906, section 1962, Hemingway's Code, provides for the appointment of a testamentary guardian by the parent of a child, but in our judgment, has reference to children under the age of twenty-one years. From this section down to, and including, section 2429, Code 1906, section 1990, Hemingway's Code, which includes section 1985, Hemingway's Code, under which Hemphill was indicted, constitutes a complete scheme for the guardianship of minors; they provide, first, for the appointment of guardians, and make provision for the custody of the minors, and for the handling of minor's property, using the word minor, in all instances, and showing conclusively that they are intended to cover minors alone, and not any other class of people who require guardians.

After setting out clearly and providing for the guardianship of minors, the legislature then, in its enactment, went to a separate and distinct subject; that of "guardians

to persons of unsound minds," and enacted section 2430, Code of 1906, section 1991, Hemingway's Code. Then taking up a third subject, that is "guardians to drunkards and opium eaters;" then another subject still, that of "guardians to convicts of felonies," then by section 2437, and throughout the balance of the chapter on "Guardian and Ward," the legislature provided a complete scheme for the handling of the wards and their estate of persons of unsound mind, convicts of felonies, habitual drunkards and habitual users of cocaine, morphine or opium, which is a separate and distinct scheme from the handling of their affairs to that of the scheme provided for the handling of minors and their estates, and expressly provides in section 2437, Code of 1906, section 1998, Hemingway's Code, that the guardian of this class of wards shall handle such matters not as guardians to minors, but as executors and administrators.

Therefore, the statute, section 1991, Hemingway's Code without which the state cannot travel in this case, has no application whatever to guardians of any one other than minors, and the removal of an insane ward without an order of the court certainly is not kidnapping.

We next submit that the appellant is not guilty of kidnapping, because a guardian cannot be convicted of kidnapping his ward any more than a parent can be convicted of kidnapping his child, for the reason that the guardian stands in *loco parentis* to the ward.

What is a guardian? Mr. Webster defines guardian to mean (1) "One who guards, preserves, or secures; one to whom any person or thing is committed for protection, security of provision; (2) One who has, or is entitled to, the care and management of the person or property or both, of another, as of a minor or of a person incapable of managing his own affairs." Section 1991, Hemingway's Code defines a guardian as being one "who takes care of his person and estate, or either." In *Sparhawk* v. *Allen,* 21 N. H. p. 27, also *Burger* v. *Frazier*, 67 Iowa, 460, the word "guardian" is defined as one charged with the care

and custody of both the persons and property of his ward, and in *Wilson* v. *Menechase,* 40 Kan. 468, as "one entitled to the custody of the person of his ward."

If counsel want to insist upon the law of guardians to minors applying in this case, which they must necessarily do, then we invoke section 1970, Hemingway's Code, which provides that a guardian of a minor, who has neither parent living, is entitled to the custody and estate of the minor. But, to be frank with the court, we do not think that statute applies, for the reason our ward is about forty-eight years of age and a mental imbecile, and the custody is granted to the guardian by the letters of guardianship issued by the court and by all the laws that have so far been written with reference to guardians of insane persons.

We call especial attention to 22 Cyc., p. 1164, under the head of Insane Persons, where this authority lays down the principle, under the caption of "Custody and Control of Wards" that unless the ward has been committed to an asylum by the court, the guardian is entitled to his custody, and may care for and control him in any reasonable manner. He may accordingly fix or change the domicile of the ward. See *State* v. *Lawrence,* 86 Minn. 310; *Anderson* v. *Anderson,* 42 Vt. 350. Again, 14 R. C. L. p. 573, under the same heading, lays down the following rule; the guardian of an insane person has the right to change the domicile and fix the locality of the person of his ward. *Taymond* v. *Lawrence,* 58 L. R. A. 933; *Morrow* v. *Latham,* 17 R. I. 480; *Holyoke* v. *Haskins,* 16 Am. Dec. 375; *In Re Kiernan,* 77 N. Y. Supp. 924; *Mills* v. *Hopkinsville,* 11 Ky. Law Report 164; *State* v. *Powe,* 107 Miss. 770; *Townsend* v. *Kindall,* 17 Minn. 412; 77 Am. Dec. 534.

According to the contention of the prosecution in this case, if the guardian to a drunkard removed him to a place where he could not get intoxicating liquors, although the removal might be against his will, he would be guilty of kidnapping, and must serve a term of five years in the

penitentiary because he executed the guardianship of a drunkard, and because he acted with the best interest of his ward in removing him, and because he was carrying out the very purpose for which he had been appointed.

*D. C. Enochs,* assistant attorney-general, for the state.

Messrs. Neill & Clark, special counsel for the state in this case, have filed herein a very able brief. I have carefully read the statute, the record, the Mississippi cases on kidnapping, and the chapter in Cyc. on Kidnapping, and do not see how I can add anything to this brief of my associates on the kidnapping phase of the case.

*Neil & Clark,* for appellee.

The contention of the state is that all testimony or evidence in reference to appellant's guardianship of Overby was properly excluded for the reason that, in order for appellant to have taken Overby from Sunflower county by reason of guardianship, appellant would have first had to show that the proper petition had been filed and the proper order made, by the chancellor or the court, giving him that authority under and by virtue of section 2424 of the Mississippi Code of 1906, without which Overby could not have been legally removed from Sunflower county.

If a poor imbecile like Overby on account of his extreme misfortune is to be denied that tender care which is given the ordinary minor by the chancery court for the reason that he is an imbecile, and for this reason alone, then section 2424 of the Mississippi Code of 1906 (Hemingway's Code, section 1985) does not apply and, unless this section does apply this case should be reversed.

We call the court's attention to that portion of section 2406, Mississippi Code of 1906 (Hemingway's Code, section 1967) which applies to this case. We also call the court's attention to section 2432 of the Mississippi Code of 1906 (Hemingway's Code, section 1993).

From these two sections, the court will see that it was the clear and unequivocal intention of the lawmakers that the chancery court was to have the same control over guardians of persons of unsound mind as it has over the guardian of a minor. Section 2430, Mississippi Code of 1906 (Hemingway's Code section 1991, simply provides for the appointment by the chancery court of guardians for persons of unsound mind, on its own motion or on the application of a friend, etc., counsel for appellant in this case rely on this section and on section 2437, Mississippi Code of 1906 (Hemingway's Code, section 1998.)

To support their theory and contention that the method of control by a guardian of a ward who is an imbecile or a person of unsound mind is different from that exercised by, and his powers greater than, those of the guardian of the ordinary minor, and they rely for this contention principally on the section of the Code last referred to which the court will notice deals exclusively with the manner in which the guardian shall handle the estate of the ward and leaves section 2406 of the Mississippi Code of 1906 (Hemingway's Code, section 1967) and section 2432, Mississippi Code of 1906 (Hemingway's Code, section 1993), conclusive as to the manner in which the imbecile ward himself shall be controlled by the guardian. If we are correct in this, and we think we are, then section 2424 of the Mississippi Code of 1906 applies, and, without petition and order based thereon made by the chancery court having jurisdiction of the ward, the testimony offered on the part of the appellant in the lower court and objected to, was properly excluded.

If the law is different for the guardian of the imbecile or person of unsound mind to that of the guardian of the ordinary minor, we are unable to find it. It is not in the statute books and the supreme court of this state, as far as we are able to ascertain, has never decided that the law with reference to the handling of the minor or the imbecile by guardians is different. It has always been our understanding that the rule of law which governs in

the case of the absolute incompetent or imbecile is that
which prevails when the welfare of an infant child is be-
fore the court and our statutes, quoted above, confirm this
understanding or opinion.

ANDERSON, J., delivered the opinion of the court.

Appellant, W. T. Hemphill, was indicted and convicted
in the circuit court of Sunflower county of kidnapping one
Sollie Overby, a *non compos mentis,* and sentenced to the
penitentiary for a term of five years, from which judg-
ment he appeals to this court.

Appellant was appointed testamentary guardian of Sol-
lie Overby by the will of his mother, and also by decree
of the chancery court of Sunflower county, in which court
said will had been duly probated. By the terms of said will
as well as by the decree of said court appellant was appoint-
ed guardian of both the person and estate of said *non com-
pos mentis.*  Appellant's home was in Simpson county.
After his appointment as such guardian he left his ward
for a while in Sunflower county in the custody of the step-
father of the ward; later appellant returned from his
home in Simpson county to Sunflower county, and against
the will of said ward as well as that of his stepfather
forcibly took the ward into his custody and carrier him to
Simpson county.  If appellant is guilty of kidnapping,
these are the facts constituting the crime.

The statute under which appellant was indicted is sec-
tion 1249, Code of 1906 (section 979, Hemingway's Code),
which provides as follows:

"Every person who shall, without lawful authority, for-
cibly seize and confine any other, or shall inveigle or kidnap
any other, with intent to cause such person to be secretly
confined or imprisoned in this state against his will, or to
cause such other person to be sent out of this state against
his will, or to cause such other person to be deprived of
his liberty, or in any way held to service against his will,
shall, upon conviction, be punished by imprisonment in

the penitentiary not exceeding ten years; and upon the trial of any such offense the consent of the person so kidnapped or confined shall not be a defense, unless it appear that such consent was not extorted by threats or duress."

Under the plain provisions of this statute there must be an unlawful seizure and custody of the person charged to have been kidnapped and it is inconceivable that a guardian who is entitled to the custody of the person of his ward could be guilty of kidnapping such ward. His possession of him is lawful. It is argued that section 2424, Code of 1906 (section 1985, Hemingway's Code), was violated by appellant in taking his ward from Sunflower to Simpson county without an order of the chancery court of the county of the guardianship authorizing such removal. That may be conceded, but it does not follow that appellant in so removing his ward was guilty of kidnapping. Criminal statutes, of course, are to be strictly construed. We know of no rule for the construction of such statutes which would authorize the reading of the said Code section above referred to into the kidnapping statute, thereby making it a part thereof. The statute defining and denouncing kidnapping is complete within itself. The purpose of the statute requiring an order of court authorizing a guardian to remove his ward and his personal property from the county in which the guardian was appointed to another county is for the civil protection of the person and property of the ward, and not for the purpose of making such removal an offense against the state.

We therefore conclude that, under the uncontradicted evidence in this case, the appellant was not guilty of the crime of which he was convicted.

*Reversed, and appellant discharged.*